**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**REGINA STEPLOWSKI,**

    **Plaintiff,**

**vs.**                                                                       **No. CIV-09-0789 MV/LAM**

**WALGREEN CO.,**

    **Defendant.**

# ORDER DENYING DEFENDANT'S MOTION FOR REPRESENTATIVE TO APPEAR TELEPHONICALLY AT SETTLEMENT CONFERENCE

**THIS MATTER** is before the Court on *Defendant's Motion for Representative to Appear Telephonically at Settlement Conference (Doc. 22)*, filed November 30, 2009. Defendant asks the Court to allow its representative to appear telephonically at the December 9, 2009, settlement conference because Defendant "would like to avoid the lengthy travel and expense associated with appearing in person." Defendant failed to state whether the motion is opposed, in violation of D. N.M.LR-Civ. 7.1(a) ("Movant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied."). Having considered Defendant's motion and the record of this case, the Court **FINDS** that Defendant's motion is not well-taken and should be denied.

On September 10, 2009, after having conferred with the parties about a mutually-convenient date, time, and location, the Court set the settlement conference in this case for December 9, 2009. *See Order Setting Settlement Conference (Doc. 13)*. The Court explicitly informed the parties that, pursuant to D.N.M.LR-Civ. 16.2(c), each party <u>and</u>, in the case of an insured party or an uninsured corporate party, its designated representative with final settlement authority, shall attend the

settlement conference. The Court finds that Defendant has not presented adequate grounds to appear telephonically, especially given the late date of Defendant's motion. Cost and distance of travel are an issue in every case involving parties who reside in different states. It is difficult to imagine that Walgreen's, a large corporation with stores around the country, would find it a financial hardship to send a representative from Illinois to New Mexico to attend the settlement conference. Moreover, the presence of Defendant's representative will improve the chances of settlement in light of the issues regarding company policy in this case.

**IT IS THEREFORE ORDERED** that *Defendant's Motion for Representative to Appear Telephonically at Settlement Conference (Doc. 22)* is **DENIED**.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**